IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CR. NO. 2:00cr126-ID |
| ) | |
| GONZALO MURILLO, JR. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 14, 2006, *pro se* defendant ("Murillo") filed a motion for the return of seized property. He specifically requests that firearms seized by law enforcement officers from his residence in California be returned to his brother in accordance with the agreement with the prosecutor as stated at the change of plea and sentencing hearing on August 19, 2002.

**DISCUSSION**

"A person aggrieved by an unlawful search or seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." FED. R. CRIM. P. 41(g). It appears from the transcript of the hearing on August 19, 2002, that the firearms were seized by law enforcement officers in Los Angeles, California, which is located in the Central District of California. Accordingly, it appears that this court lacks jurisdiction to consider Murillo's motion.[1] *See Clymore v. United States*, 217 F.3d 370 (5th Cir. 2000) (noting that the district

---

[1] *Cf. United States v. Parlavecchio*, 57 Fed. Appx. 917 (3rd Cir. 2003) (holding that, under former FED. R. CRIM. P. 41(e), the district court 's jurisdiction to consider the motion was ancillary to the underlying criminal proceedings and subject matter jurisdiction rested upon the court's supervisory

(continued...)

where the property was seized is the appropriate district in which to file a motion for return of seized property).

However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). A motion for return of seized property filed pursuant to FED. R. CRIM. P. 41(g) (former Rule 41(e)) is considered to be a civil proceeding for equitable relief. *See United States v. Potes Ramirez*, 260 F.3d 1310 (11th Cir. 2001). Under the circumstances of this case, as outlined herein, the court concludes that the motion for return of seized property (Doc. # 597) should be transferred to the United States District Court for the Central District of California for determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for return of seized property be transferred to the United States District Court for the Central District of California. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 26, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

$^{1}$(...continued)
authority over those ancillary proceedings).

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE